UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
IN LOUISVILLE

| | |
|---|---|
| THERESA BERGMANN )<br>)<br>    PLAINTIFF )<br>)<br>V. )<br>)<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, LLC. )<br>C/O Agent for Service of Process )<br>Judith Sugg Scott )<br>120 Corporate Boulevard, STE 100 )<br>Norfolk, VA 23502-0000 )<br>)<br>    DEFENDANT )<br>_____) | CIVIL ACTION NO.<br><br>3:10-CV-155-JHM<br>_____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  PRELIMINARY STATEMENT

1. This case is brought by an individual consumer for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692- 1692(o) ("FDCPA" or "the Act") by Defendant Portfolio Recovery Associates, LLC. 'S ("Portfolio"). Defendant contacted Plaintiff even though it knew she was represented by counsel and Defendant falsely represented the amount of the debt to her.

### II JURISDICTION

2. Jurisdiction in this court is invoked pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (d).

1

### III VENUE

3. Venue in the Western District of Kentucky is proper under 28 U.S.C. § 1391

### IV PARTIES

4. Plaintiff is a "consumer" as defined in the Act at 15 U.S.C. §1692a (3); she lives in Elizabethtown, Hardin County, Kentucky.

5. Defendant is a "debt collector" as defined in the Act at 15 U.S.C. §1692a (6) which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

6. Defendant's principal place of business is Norfolk, Virginia and it regularly engages in and transacts business in the Commonwealth of Kentucky, including the Western District of Kentucky and throughout the United States through the use of the United States mails, telephone or other instrumentality of interstate commerce from its offices.

### V. FACTUAL ALLEGATIONS

7. In or around January 2009 Portfolio, by and through its attorney and agent, Robert H. Obringer ("Obringer"), Phillips & Cohen Associates, 1002 Justison St., Wilmington, Delaware 19801, initiated an arbitration proceeding with the National Arbitration Forum ("NAF") against Plaintiff to collect an alleged debt to Midland Credit Management/MBNA in the amount of $4,377.64.

8. According to the "Summary of Account Information" provided by

Portfolio, the account carried an interest rate of 0.00%

9. Plaintiff, with the assistance of her attorney, filed a Response with the NAF denying liability for the debt.

10. On March 2, 2009, Obringer requested that the case be Dismissed without Prejudice, and by letter dated March 4, 2009 the NAF did so dismiss the case.

11. On March 9, 2009, Plaintiff, through her attorney, sent a certified letter to Defendant, through its attorney and agent Obringer, stating unequivocally that Plaintiff was represented by counsel in regard to this debt and that Portfolio was not to contact Plaintiff. (That letter and the return receipt are attached hereto as Exhibits 1 and 1B to the Complaint.)

12. In January 2010, Portfolio began telephoning Plaintiff and sent her a collection letter.

13. The collection letter stated that the balance due on the account was $5607.69.

## VI CAUSES OF ACTION

### FDCPA VIOLATIONS

14. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

15. Without limiting the scope of Defendant's liability, Defendant's conduct as enumerated herein violated the FDCPA, § 1692- 1692(o) and specifically including 15 U.S.C. § 1692c(a)(2) and § 1692e(2)(A).

3

16. Defendant is liable to the plaintiff for actual and statutory damages and attorney's fees.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

(A) For a judgment against Defendant for statutory damages;

(B) For a judgment against Defendant for all actual damages which she may be able to prove and any additional pecuniary loss she may have suffered;

(C) For payment of reasonable attorney's fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(D) For reimbursement of all costs and expenses incurred in connection with the successful prosecution of this claim;

(E) For a trial by jury on all appropriate issues; and,

(F) For any and all other relief this Court may deem appropriate

Respectfully submitted by:

_____
*/s/*Ellen G. Friedman
Ellen G. Friedman
Attorney for Plaintiff
125 S. 6th St, Ste. 300
Louisville, Ky. 40202
(502)587-2000
(502) 587-1126 facsimile
efried@iglou.com